**Thomas Harold BROWN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1970.

Terrence R. Fitzgerald, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

The appellant, Thomas Harold Brown, was tried pursuant to two indictments that were consolidated for trial over his objection. One indictment charged in its first count that appellant committed the offense of armed robbery of a designated business place on October 31, 1968. The second count of the same indictment charged that appellant escaped from custody on November 13, 1968. The second indictment charged in its first count that appellant committed the offense of armed robbery of a designated place of business different from that charged in the first indictment and that this robbery took place on November 9, 1968. The second count of the second indictment charged appellant with the offense of carrying concealed a deadly weapon on November 10, 1968.

The jury found appellant guilty under the first count of the first indictment of an armed robbery that occurred on October 31, 1968. The jury also found appellant guilty of carrying concealed a deadly weapon on November 10, 1968. The charge of escape from custody was withdrawn by the prosecution near the conclusion of the trial and the jury reported that it could not agree concerning defendant's guilt of the armed robbery charged in the first count of the second indictment.

Appellant's punishment was fixed at 15 years in the penitentiary on the charge of armed robbery for which he was convicted and at 3 years in the penitentiary for carrying a concealed weapon. Over the objection of the prosecution, the trial judge declared that the two sentences would be served concurrently.

The appellant claims that prejudicial error was committed because the jury was improperly selected; there was a misjoinder of offenses in the indictments, and he was entitled to separate trials on each offense charged. He also complains that incompetent evidence was admitted to his prejudice. We affirm the judgment.

According to the evidence introduced by the prosecution, Brown, with others, held up and robbed James Naiser, part owner of Dave's Cafe in Louisville, Kentucky, on October 31, 1968. Five thousand dollars was taken in this robbery. Shortly after the robbery, the victim picked Brown's picture from among several others as the man who had robbed him. Naiser also recognized Brown at a lineup the next day. The victim also identified Brown in court and testified, "there is no question in God's world," that Brown was the robber. This same witness was also able to identify two of the other three men who participated in the crime.

Brown was arrested on November 1, following the robbery. When arrested he was accompanied by a young girl who was searched by a policewoman at the police station and was found to have $410 in cash on her person.

Although Brown was given all of the information required by the Miranda[1] decision, he thereafter stated to a detective that he had participated in the robbery and offered to return $2500 if the police would not object to a motion that his attorney would make to lower his bond from the $25,000 that had been originally set. Thereafter and while still in custody, Brown made some arrangement and he and a policeman met a woman who delivered $1,000 to the police. Brown then said that he thought he could get another $1500 back after he was released on bail. His bond was subsequently lowered but he did not return the additional $1500.

While Brown was free on bond, he was accused of the commission of armed robbery on November 9, 1968. Again in this instance the victim, owner and pharmacist of the Wintergerst Drug Store, Louisville, Kentucky, positively identified Brown as the man who entered his store, held a gun on him and his young employee and took about $1500 and some narcotics. This witness was also shown photographs by the police soon after the robbery and immediately and without hesitation picked out Brown's picture. This witness also recognized Brown in a lineup conducted approximately 6 hours after the robbery. Approximately 5 hours after this last robbery, the police arrested Brown in an automobile and found a revolver under the front seat at the time of the arrest. Brown was again taken into custody; subjected to a lineup procedure after Miranda warnings; and was again identified as the robber. A detective testified that Brown subsequently escaped from custody and was found in Chicago and returned for trial.

Appellant does not assert that the charges contained in the indictments were duplicitous. Neither the prosecution nor Brown contends that the concealed weapon found

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

in the automobile on the occasion of Brown's second arrest was the same gun used in either armed robbery. Hence, we are not concerned with any problem of duplicity. The thrust of the appellant's contention is that although our Rules of Criminal Procedure permit the joinder of related offenses in an indictment and the consolidation of cases for trial, they must not be permitted to operate so as to subject an accused to a trial situation where evidence of crimes unrelated to the principal offense charged is admitted. Appellant's position is that the trial court should have compelled the prosecution to elect which one of the separate crimes charged should be tried first and that separate trials should have been held as to each separate offense.

RCr 6.18 and RCr 9.12 are relevant to the problem. RCr 6.18 permits the joinder of two or more offenses whether felonies or misdemeanors, or both, in the same indictment in separate counts if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constitute parts of a common scheme or plan. This rule is an adaptation of Fed.R.Crim.P. 8(a). RCr 9.12 permits two or more indictments to be consolidated for trial together if the offenses could have been joined in a single indictment; the language of this rule is the same as that contained in Fed.R.Crim.P. 13. In the cases of Marcum v. Commonwealth, Ky., 390 S.W.2d 884; Schweinefuss v. Commonwealth, Ky., 395 S.W.2d 370; and Russell v. Commonwealth, Ky., 403 S.W.2d 694, the offenses concerned were of the same or similar character and in each of them we found no prejudicial error resulting from a single joint trial of the several offenses.

■ Our view, as well as that of the federal courts in construing substantially similar procedural rules, is that the trial judge is vested with wide discretion in applying the rule. See for example United States v. Corallo, 309 F.Supp. 1282, 1284

(D.C.N.Y.1970); United States v. Fancher, 195 F.Supp. 634 (D.C.Conn.1960); United States v. Elliott, 418 F.2d 219 (C.A. 9th Cir. 1969); Tillman v. United States, 406 F.2d 930 (C.A. 5th Cir. 1969); United States v. Bourassa, 411 F.2d 69 (C.A. 10th Cir. 1969). Also see discussion in Dunaway v. United States, 92 U.S.App.D.C. 299, 205 F.2d 23 (1953).

■ In this case the trial judge found at the outset of the trial that the offenses either were of the same or similar character or were based on transactions connected together. When that result is viewed in the light of what subsequently occurred after the consolidated trials went forward, we cannot say that an abuse of discretion occurred or that appellant was "embarrassed or confounded" in making his defense. The evidence of each crime was simple and distinct, the dates of the several offenses were closely connected in time, and even though such evidence of distinct crimes might not have been admissible in separate trials, the promotion of economy and efficiency in judicial administration by the avoidance of needless multiplicity of trials was not outweighed by any demonstrably unreasonable prejudice to the defendant as a result of the consolidations. We reject appellant's contention concerning the alleged errors of misjoinder of offenses and joint trial.

■ Appellant asserts that the lineup procedures to which he was subjected after each of his arrests for armed robbery violated his constitutional right to representation by counsel under the decision in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. The trial judge conducted a hearing in chambers to determine the admissibility of the evidence. The testimony of the police officers, which the trial judge had the right to believe, clearly established that appellant was fully advised prior to the lineups of his right to have counsel present, but that appellant refused the offer of counsel because according to him, "he hadn't done anything." Each victim of the

robberies picked appellant's picture out from several others shortly after the crimes and prior to the arrests; each of these witnesses had extensive opportunity to fully observe the identity of the man who, at the point of a gun, committed the robberies. Each of the witnesses detailed the various circumstances that induced the positive in-court identification of appellant. We are convinced that the trial judge's ruling in respect to the admissibility of the questioned evidence is amply sustained by the record. Moreover, we are convinced beyond any doubt that the identification in court of appellant by the eye witnesses to the robberies was entirely independent of and not "tainted by" the lineup procedures whether they be regarded as permissible or impermissible in their operative procedures.

■ Appellant argues that error was committed in the admission of evidence concerning the circumstances of his arrest in the company of a young woman who was found to have $410 on her person. This evidence was relevant to the issue of his guilt of the prior robbery during the course of which a considerable amount of money was stolen.

■ The next claim of error rests upon another argument that hearsay evidence was admitted. A detective testified that appellant escaped from custody after his second arrest and that he fled to Chicago from where he was subsequently returned for trial. The witness testified that this knowledge was based in part on police department records. The prosecution realized that this was not the "best evidence available," if those records were the evidence on which reliance to establish guilt of escape was based; the prosecution withdrew the escape charge.

It is our conclusion that neither instance of claimed error in the admission of hearsay evidence can be characterized as prejudicial. The evidence of appellant's guilt is overwhelming. The jury failed to convict of the second armed robbery charged; the charge of escape was withdrawn. Appellant can be called "lucky" much easier than he can be called "prejudiced."

■ Although appellant volunteered in an in-chambers hearing that he had been regularly represented by an attorney in the course of several brushes with the criminal law preceding his current arrest and that his lawyer had advised him concerning his rights upon arrest, he would have us believe that he admitted his guilt of the first robbery and made his deal for the return of part of the loot in ignorance of his constitutional rights to counsel. The police testified that he was given all the warnings required by Miranda [2] prior to any interrogation and again prior to both lineups. The trial judge found that appellant was fully advised of his rights. We fully agree with that conclusion.

■ Appellant's final thrust is that the trial judge erred in systematically excluding jurors with conscientious scruples against capital punishment. The trial judge conducted the voir-dire and advised prospective jurors that death was a possible penalty for armed robbery. If a juror answered that he could not vote to inflict the death penalty, the judge sought to establish whether the juror meant that he could never vote to impose the death penalty regardless of the evidence in the case to be tried and the law of the case as embodied in the instructions of the court. Those prospective jurors who replied that regardless of the evidence and the law of the case they still could not vote to impose the death penalty were excused.

The appellant argues that this procedure violated his right to a properly selected jury as declared in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. While we are uncertain and unadvised concerning the extent of the holding of Wither-

2. See footnote 1.

spoon as it affects the situation of those defendants upon whom the death sentence has been imposed, we are certain that neither the specific holding nor the underlying principles of that case are extendable to those who have received sentences not only noncapital but also less than the possible maximum term of confinement in the penitentiary for the crimes of which they are convicted. Therefore, we need not consider whether the procedure adopted in this case satisfied the requirements of Witherspoon as if that decision applied. Cf. Jaggers v. Commonwealth, Ky., 439 S.W.2d 580.

The judgment is affirmed.

All concur.