**Oscar Clay RUSSELL, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1972.

Gerald E. Benzinger, Harry K. Aurandt, Covington, for appellant.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Oscar Clay Russell, Jr., was tried pursuant to an indictment charging indecent or immoral practices with infants under fifteen years of age. Count One charged practices with Douglas Thompson on March 27, 1970; Count Two charged practices with Douglas Thompson on April 3, 1970; and Count Three charged practices with Lucy Thompson on March 21, 1970.

Count Two of the indictment was withdrawn by the prosecution at the conclusion of the Commonwealth's evidence. The jury found Russell guilty as charged on Counts One and Three of the indictment.

Russell's punishment was fixed at ten years in the penitentiary on Count One and ten years in the penitentiary on Count Three. Over the objection of the defense, the trial judge ordered that the two sentences be served consecutively.

Russell presents six claims of error, asserting that (1) the court erred in overruling appellant's motion for separate trials on each count set out in the indictment; (2) the court erred in overruling motion of

appellant's counsel for a psychiatric examination of appellant; (3) the appellant's right to a fair trial was prejudiced by remarks made in open court by a prospective juror on voir dire; (4) the appellant's right to a fair trial was prejudiced by remarks made in open court by the Commonwealth's attorney during cross-examination of appellant; (5) the appellant was denied his constitutional right to a preliminary hearing on Count One of the indictment; and (6) the indictment was defective since it did not state as an element of the charge that appellant was seventeen years of age or over. We affirm the judgment.

Prior to and during March 1970, Russell and Edna Thompson, mother of Douglas and Lucy Thompson, together with her ten children, lived in a four-room house on 3-L Highway in Covington, Kentucky. They were not husband and wife but had lived together for more than seven years. Edna had four children by her husband Thompson, and six children had been born to Russell and Edna. Edna testified that she was pregnant and that Russell was the father of this child also.

Douglas Thompson, age 13, testified that the practices charged in Count One were committed in a bedroom of the house on 3-L Highway in the afternoon, but before Russell went to work at 2 p. m.; that his mother was at work at the time, but the other children, except two, were at home; and that he was then directed to "fix him something to eat."

Russell admits that he was at the house on 3-L Highway on March 27, 1970; that at a time just before he went to work he was in the bedroom with Douglas; and that "he made me a cup of coffee, and I went to work." He denies that he engaged in any indecent or immoral practices with Douglas.

Lucy Thompson, age 10, testified that the practices charged in Count Three were committed in the bedroom of the house on 3-L Highway; that she was in bed with her mother and Russell; that while "he

was laying kind of on top of my mother * * * he played with me." She testified that at the time she was living with an aunt but "they came and picked me up for the weekend and a picnic."

Russell testified that on March 21, 1970, Lucy was visiting her mother for the weekend; that on this night he was in bed with the mother and Lucy; that the mother had brought her in the bedroom and placed her in bed with them. He denies any indecent and immoral practices with Lucy Thompson. His explanation of the bedroom scene is as follows: "We started making love and Lucy was in the bed, and I made her mother take her back and put her in her own bed where she was at."

Was it error for the trial court to refuse appellant's motion for a separate trial on each count of the indictment?

RCr 6.18, RCr 9.12, and RCr 9.16 require consideration on this problem. RCr 6.18 permits the joinder of two or more offenses in the same indictment in separate counts, if the offenses are of the same or similar character. RCr 9.12 permits two or more indictments to be consolidated for trial together if the offenses could have been joined in a single indictment. RCr 9.16 requires the trial court to order separate trials of counts where it is made to appear to the court that a defendant will be prejudiced by a joint trial.

The bare fact that two or more counts are joined in a single indictment under RCr 6.18 or could be consolidated for trial under RCr 9.12 does not require or even permit a joint trial of counts under all circumstances.

This court, in Russell v. Commonwealth, Ky., 403 S.W.2d 694 (1966), said that RCr 6.18 clearly permits offenses "to be joined and tried together." We have now determined that this language goes beyond the true scope of RCr 6.18 which is concerned only with the composition of an indictment and not with a trial of the offenses charged.

■ Even though the joinder of offenses is permissible under RCr 6.18, if a defendant makes a timely motion under RCr 9.16 and shows prejudice, the court should grant separate trials. Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964).

■ The granting or denying of a motion for separate trials under RCr 9.16 is a discretionary function of the trial court which must weigh prejudice to the defendant caused by the joinder of offenses. Since this matter is addressed to the sound discretion of the trial court, a conviction will be reversed only if the refusal of the trial court to grant the relief is a clear abuse of discretion and prejudice to the defendant is positively shown. It is incumbent upon an appellant seeking to show such abuse to make a positive showing of the prejudice which has resulted. He must show something more than the fact that a separate trial might offer a better chance of acquittal or a less severe penalty. Cf. Marcum v. Commonwealth, Ky., 390 S.W. 2d 884 (1965); Brown v. Commonwealth, Ky., 458 S.W.2d 444 (1970); United States v. Levrie, 445 F.2d 429 (CA 5th Cir. 1971); Drew v. United States, 118 U.S. App.D.C. 11, 331 F.2d 85 (1964).

■ An important factor in determining whether a joinder of offenses for trial is prejudicial is whether the evidence of one of the offenses would be admissible in a separate trial for the other offense. If the evidence is admissible, the joinder of offenses, in most instances, will not be prejudicial. Marcum v. Commonwealth, Ky., 390 S.W.2d 884 (1965); United States v. Begun, 446 F.2d 32 (CA 9th Cir. 1971).

■ The general and well-established rule in criminal cases in this state is that evidence which in any manner shows or tends to show that a defendant has committed another offense independent of that for which he is on trial is inadmissible. Keith v. Commonwealth, Ky., 251 S.W.2d 850 (1952).

■ As an exception to this general rule, we hold that in 'sex crimes evidence of prior acts of the same nature committed upon the same person is competent for the purpose of showing corroboration and to show design, disposition, or intent on the part of the accused. Young v. Commonwealth, Ky., 335 S.W.2d 949 (1960).

■ In those cases where a defendant is charged with indecent or immoral practices with a child under the age of fifteen years, evidence of separate and distinct prior acts of a similar or identical nature, not too remote in time, committed upon children other than those charged in the indictment is admissible for the purposes of showing disposition and intent as to the act charged, lustful inclination, motive, a common pattern, scheme, or plan. The separate and distinct acts with other children to be admissible must have a reasonably close relation in scheme and pattern and in time to the act charged. Cf. State of Minnesota v. DePauw, 246 Minn. 91, 74 N.W.2d 297 (1955); Ball v. State of Texas, 163 Tex. Cr.R. 214, 289 S.W.2d 926 (1956); State of Washington v. Leohner, 69 Wash.2d 131, 417 P.2d 368 (1966).

■ The trial of separate counts in an indictment at the same time or the joinder of indictments for the purpose of trial requires extreme caution on the part of the trial judge. The trial of more than one offense at the same time is almost invariably prejudicial to some of the rights of the defendant so tried. Should it be shown at any time during the trial that the rights of a defendant have been so prejudiced as to constitute a denial of due process in regard to any one of the counts tried, the trial court should grant the aggrieved defendant a new trial.

■ No positive prejudice having been shown, the trial court did not abuse its discretion in overruling the motion for a separate trial.

Was it error for the trial court to refuse the motion of appellant's counsel for a psychiatric examination of appellant?

■ On this case being called for trial, counsel for appellant moved that the court order a psychiatric examination for Russell. The motion was heard in chambers and overruled by the trial court. Whether an inquest pursuant to RCr 8.06 shall be held rests in the sound discretion of the trial court. Kilgore v. Commonwealth, 310 Ky. 826, 222 S.W.2d 600 (1949). We do not find an abuse of discretion by the trial court in overruling the motion for a psychiatric examination. Dye v. Commonwealth, Ky., 477 S.W.2d 805 (decided March 3, 1972).

■ Were the rights of appellant to a fair trial prejudiced by remarks made in open court by a prospective juror, Andrew Knox, on voir dire?

Knox, on voir dire and in answer to a question on his knowledge of the facts, answered generally that he had heard about it from his foreman and that there was notoriety about the trial. Appellant claimed such remarks prejudiced the entire panel, and moved that it be dismissed. The trial court overruled the motion. This remark was made on Friday before anyone had been accepted as a juror to try the case. A supplemental panel was drawn and on the following Tuesday the trial jury was completed and accepted. Knox was not a juror.

Appellant could not have been prejudiced by the answer of Andrew Knox. There was no abuse of discretion on the part of the trial judge in overruling the motion to dismiss the jury panel.

Were the rights of appellant to a fair trial prejudiced by remarks made in open court by the Commonwealth's attorney, John J. O'Hara, during cross-examination of the appellant? The remarks in question follow:

"CQ29. I'll ask you, again, _ _ _

DEFENDANT'S RESPONSE BY MR. MONOHAM (Interposing):

Judge, I don't think Mister O'Hara is allowed to badger the witness. He's already answered the question.

RULING OF THE COURT:

He's on cross examination. I'll let it in.

COMMONWEALTH'S RESPONSE BY MR. O'HARA:

I'll badger him, much more than I'm doing now."

Appellant's counsel did not object to this remark nor did he move the court to discharge the jury. Other objections were made during the cross-examination, but they concerned other grounds. The accusation of badgering was not repeated.

■ No objection having been made to the intemperate remark, it must be considered waived and, therefore, not a subject for review by this court. Cf. Patrick v. Commonwealth, Ky., 436 S.W.2d 69 (1969); RCr 9.22.

Was the absence of a preliminary hearing on Count One of the indictment a denial of a constitutional right of the appellant?

■ The absence of a preliminary hearing did not prejudice any of the constitutional rights of the appellant. Cf. Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966).

Was the indictment defective since it did not state as an element of the charge that appellant was seventeen years of age or over?

■ This last claimed error was not included in appellant's motion for a new trial nor objected to in the course of the trial. This court will not consider on appeal matters occurring before the verdict which were not objected to during trial or were not relied on in the motion for a new trial. RCr 10.12.

The judgment is affirmed.

All concur.