**Tandy HUNTER, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Dec. 9, 1977.

A. Gene Oliver, Strother, Oliver & Strother, Lexington, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

The appellant, Tandy Hunter, Jr., was convicted of murdering his wife, Martha, and sentenced to 20 years' imprisonment. We affirm the judgment of conviction.

The evidence shows that the murder took place on November 26, 1976, and that the death was the result of a bullet wound to the head. On the date of her death, Mrs. Hunter was employed as a night watchman. As a part of her job she carried a .38-caliber Smith & Wesson pistol. On the day of the crime the appellant accompanied his wife to work. Mrs. Hunter decided to take a nap while on duty, but she had her husband to keep a lookout for her boss and to awaken her should he appear. Unfortunately, her boss did come by and Mrs. Hunter was asleep. For not awakening her, Mrs. Hunter apparently chastised her husband. After work, appellant and his wife returned home. The appellant testified that while in a bedroom taking a nap he was awakened by a gunshot. He further testified that his wife was sitting on the couch and he "raised up and spoke to her." She did not reply and he called the state police and the ambulance. When the police arrived, they found Mrs. Hunter slumped over and a gun on her lap. The appellant told the police that his wife had apparently committed suicide. Under the gun on Mrs. Hunter's lap was blood; however, the police found no blood on the gun. The gun was tested for fingerprints, but none were found. The police also performed a gun residue test on both the appellant and the victim. The tests showed that the appellant had fired a weapon but that the victim had not.

■ The appellant's first assignment of error is that he could not be cross-examined from a written statement for impeachment where the statement is denied. During the cross-examination of appellant, the Commonwealth's Attorney handed the appellant a written statement signed with an X. The prosecutor then asked if he had given a statement to the police. The appellant denied ever having given the statement to the authorities, and the prosecutor proceeded to ask appellant questions using the written statement. It is the opinion of this court that this alleged error was not properly preserved for appellate review, because no objection was made to the questioning by defense counsel. We have said this so many times that it requires no citation of authority.

■ The appellant's next assignment of error is that the trial court improperly admitted proof of prior felony convictions for impeachment purposes. The Commonwealth's Attorney was permitted to ask appellant whether he had been convicted of two prior felonies. These felonies were two convictions for breaking and entering, one in 1964 and the other in 1965. It is our conclusion that this testimony was proper for impeachment purposes under *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970). The record reveals that the trial court adhered to the law as announced in *Cotton.*

■ The appellant phrases his next assignment of error as "Did the Commonwealth obtain the results of the gun residue test by a search pursuant to consent?" The problem with this contention is that it was not properly called to the trial court's attention by a motion to suppress or an objection to the introduction of the evidence. Hence, if the trial judge had no opportunity to rule on the issue, it has not been properly preserved for appellate review.

■ Appellant's final assertion of error is that the evidence was insufficient to take the case to the jury. Again we must point out that appellant has not preserved this point for appellate review by failure to make his motion for directed verdict at the close of all the evidence as required under *Kimbrough v. Commonwealth,* Ky., 550 S.W.2d 525 (1977). Further, even if the alleged error had been properly preserved for appellate review, we believe the trial

court acted properly in submitting the case to the jury. *Trowel v. Commonwealth,* Ky., 550 S.W.2d 530 (1977). In this case we held that if under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal.

The judgment is affirmed.

All concur.