James Kenneth SEARS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Jan. 31, 1979.

Rehearing Denied March 14, 1979.

Terrence R. Fitzgerald, Deputy Public Defender, Frank W. Heft, Jr., Amelia F. Adams, Asst. Dist. Public Defenders, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

## REMANDING WITH DIRECTIONS TO VACATE JUDGMENT AND TO COMPLY WITH PRESENTENCE REQUIREMENTS

On a jury trial, Sears was found guilty of three charges of first-degree robbery, and one charge of second-degree escape. On the three counts of first-degree robbery, the jury fixed Sears' punishment at confinement in the penitentiary at 15 years, 18 years, and 18 years respectively. On the second-degree escape charge, it fixed his punishment at confinement in the penitentiary for a term of 5 years. In conformity with the jury's verdict, the trial court sentenced Sears on each conviction. He directed the sentences to be served consecutively for a total term of 56 years. In his appeal, the principal issue presented by Sears is that the trial court erred in consolidating the three armed robbery charges and the escape charge for purposes of trial.

July 1976 was not a good month for Sears; nor for Hill Brothers Shoe Store, Carmen's Restaurant and Steak and Shake Restaurant on Taylorsville Road.

The evidence reveals that on July 7, 1976, Sears robbed Hill Brothers Shoe Store by threatening immediate use of physical force upon Joyce Shively, assistant manager, by pointing a pistol at her. In that robbery, he took four or five hundred dollars and a pair of brown boots.

On July 13, 1976, he robbed Carmen's Restaurant by threatening the immediate use of physical force upon William R. Stewart, manager, by pointing a pistol at him. Sears took from Carmen's the sum of $693.00.

On the night of July 14, 1976, Sears robbed Steak and Shake Restaurant by threatening the immediate use of physical force upon John Fair, assistant manager, by pointing a pistol at him. Sears' net take from the Steak and Shake Restaurant was $294.00.

On January 13, 1977, Sears escaped while confined in the Jefferson County Jail on the three counts of armed robbery. He was subsequently apprehended.

The evidence of guilt as to each of the charges was overwhelming. Seven witnesses positively identified Sears as the robber. His method of operation in each of the robberies followed the same pattern. The testimony relating to the escape was uncontradicted.

Counsel for Sears contends that joinder of the indictments with that charging three armed robberies was error. He argues that joinder was prejudicial to Sears' right to a fair and impartial trial. In support of his argument he relies on *Brown v. Commonwealth*, Ky., 458 S.W.2d 444 (1970), where this court held that joinder was proper. *Brown, supra*, delineated certain factors to be considered by the trial court in determining whether joinder of offenses should be made. Some of the factors include the similarity of the offenses and any close connection in time between their commission. Sears distinguishes the case at bar from *Brown, supra*, on the basis: the offenses weren't closely related in time and the trial court made no finding that the offenses were connected. Sears asserts also that he

made a specific assertion of prejudice arising from the joinder in that he desired to testify only as to the escape charge.

This court has held that joinder of offenses is within the sound discretion of the trial court. *Rigsby v. Commonwealth*, Ky., 495 S.W.2d 795 (1973). However, it has not held that the "sky is the limit." See *Cargill v. Commonwealth*, Ky., 528 S.W.2d 735 (1975).

■ This court is of the view that the joinder of the charge of escape with the three charges of armed robbery was error. However, in light of the overwhelming evidence of guilt the error was non-prejudicial and therefore harmless.

■ The evidence was amply sufficient to sustain Sears' conviction on the escape charge.

■ In closing argument, the Commonwealth's Attorney directed the jury's attention to the boots worn by Sears. The boots were similar to those stolen from Hill Brothers Shoe Store during one of the robberies, but were different in color. They were likewise similar to those worn by Sears at the time of his arrest. Sears claims that the comment of the prosecutor denied him the constitutional right of confrontation, the right to present a defense and the right to a fair trial.

This court is of the opinion that the comment of the Commonwealth's Attorney was simply an expression of his opinion of Sears' guilt and was based on the evidence of record, and was proper. *Koonce v. Commonwealth*, Ky., 452 S.W.2d 822 (1970). In view of the overwhelming evidence of Sears' guilt as it related to each of the robbery charges, it is doubtful the result would have been different had Sears been "barefoot" or had worn expensive alligator shoes.

Finally, Sears contends that the trial court failed to follow mandatory presentencing procedures as prescribed by KRS 532.050, and *Brewer v. Commonwealth*, Ky., 550 S.W.2d 474 (1977).

This court notes that in a reply brief, counsel for Sears was advised by the trial court that a presentence report was before the court at the time of sentencing. The court failed to comply with KRS 532.050, which provides in pertinent part:

"(1) No court shall impose sentence for conviction of a felony, other than a capital offense, without first ordering a presentence investigation after conviction and giving due consideration to a written report of such investigation.

.     .     .     .     .

"(4) Before imposing sentence, the court shall advise the defendant or his counsel of the factual contents and conclusion of any presentence investigation or psychiatric examination and afford a fair opportunity and a reasonable period of time, if the defendant so requests, to controvert them. The sources of confidential information need not, however, be disclosed."

■ It is mandatory that the trial judge comply with the provisions of KRS 532.050, unless the defendant waives the sentencing procedures. *Alcorn v. Commonwealth*, Ky., 557 S.W.2d 624 (1977). There is nothing to indicate any waiver on the part of Sears.

The judgment entered upon the jury verdict in this proceeding is directed to be vacated. The case is remanded to the Jefferson Circuit Court for resentencing after there has been compliance with the provisions of KRS 532.050.

All concur.