**Billy Douglas LANTRIP, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Supreme Court of Kentucky.

May 22, 1986.

Rehearing Denied Sept. 4, 1986.

Ben S. Fletcher, III, Donna A. Chu, Hopkinsville, for appellant.

David L. Armstrong, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

Billy Douglas Lantrip was convicted of two counts of rape of his adopted daughter, Amanda Lantrip. One count related to an act committed while Amanda was under twelve years of age. The other related to an act committed after her twelfth birthday.

Amanda testified that appellant had sexual intercourse with her repeatedly from September, 1983, until sometime in the latter part of January, 1984, when she first reported the incidents. She testified that she did not report these incidents immediately because she was afraid of the appellant and was afraid that he would carry out a threat that he would beat her mother if she told on him. It is not contended that the evidence is insufficient to sustain the verdict.

Appellant does contend, however, that it was prejudicial error to admit into evidence the testimony of two female witnesses concerning improper sexual advances made to them by appellant, on separate occasions within the period from September, 1983, to January, 1984. His conduct on those occasions, as described by the witnesses, was not so similar to those exhibited towards Amanda as to establish a method or pattern of operation which in itself would identify appellant as the perpetrator of the acts in question. In fact, there is no question of identity present in this case.

The testimony of these two witnesses was admitted to show lustful inclination of the appellant under the authority of *Russell v. Commonwealth*, Ky., 482 S.W.2d 584 (1972). *Russell* was overruled in this regard by *Pendleton v. Commonwealth*, Ky., 685 S.W.2d 549 (1985), and prior acts are no longer admissible for the purpose of

showing lustful inclination. The admission of this evidence was prejudicial to the defendant for the reason as stated in *Pankey v. Commonwealth*, Ky., 485 S.W.2d 513 (1972). A defendant is entitled to be tried solely on the question of his guilt of the offense charged in the indictment.

■ Appellant also contends the trial court erroneously permitted Richard Welch, who holds a Masters Degree in Clinical Social Work, to testify concerning statements made to him by Amanda and also erred in admitting his testimony concerning what he denominated as "sexual abuse accommodation syndrome." Amanda was referred to Richard Welch by the Commonwealth Attorney for an evaluation. He testified that she told him her father engaged in repeated acts of intercourse with her and that she did not report this fact immediately because she was afraid. As indicated, Amanda had previously testified in a similar vein. We find nothing in the record to establish or indicate that the history given to Richard Welch by Amanda was for the purposes of treatment. Instead, it appears she was referred for evaluation. Welch's testimony goes to establish the truth of the matters stated to him because he testified:

> "Her behavior subsequent to the incident fulfills the guidelines of the Sexual Abuse Accommodation Syndrome. Few children have been found to exaggerate or invent crimes of sexual molestation."

Welch listed five distinct elements of the sexual abuse accommodation syndrome. They were, (1) secrecy, (2) helplessness, (3) entrapment and accommodation, (4) delay in disclosure, and (5) retraction. He said that Amanda fit all of the categories except that she had not retracted her story.

There was no evidence that the so-called "sexual abuse accommodation syndrome" has attained a scientific acceptance or credibility among clinical psychologists or psychiatrists. Even should it become accepted by the scientific community that a child who has been sexually abused is likely to develop certain symptoms or personality traits, there would remain the question of whether other children who had not been similarly abused might also develop the same symptoms or traits. If so, the development of these symptoms or traits characteristic of the alleged "syndrome" would not suffice, per se, to prove the fact of sexual abuse. Under the circumstances of this case it was error to permit the testimony of Richard Welch concerning the statements made to him by Amanda of the testimony that she fulfilled the criteria of the "sexual abuse accommodation syndrome."

Appellant also contends the court erred by overruling his motion to require the Commonwealth Attorney to elect which of the several particular instances it would rely upon, or in the alternative, to instruct the jury that the act about which evidence was first heard was the one upon which the Commonwealth must rely. We do not consider the motion to have been timely made.

Other errors alleged by the appellant are not of sufficient merit to warrant extension of this opinion. The judgment is reversed for further proceedings consistent with this opinion.

STEPHENS, C.J., and WHITE, GANT, LEIBSON, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate attached opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because I do not believe the admission of so-called expert testimony on the "sexual abuse accommodation syndrome" constituted reversible error. The testimony did not materially contribute to the ultimate verdict.

The credentials of the expert, who holds a Masters degree in clinical social work and was a professor of clinical social work in psychiatry, were not objected to. It appears from the narrative statement and supplemental narrative statement that the only certain objection made to the testimony was that it was hearsay as it pertained

to any statements made by the victim to the expert. The victim, the defendant and the expert were all present in court and testified. Appellant's recollection is that he objected to the testimony about his conclusions on the sexual abuse accommodation syndrome, but the prosecutor has no recollection about such claimed objection.

There is an unfortunate tendency by both prosecution and defense to over use psychological experts. I believe that juries are fully capable of deciding questions of fact and weighing the credibility of witnesses without the unnecessary intervention of social experts. Considering the case as a whole, I do not believe there is a substantial possibility that the result would have been any different, even if the so-called expert testimony was admitted. *See Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969).

It is also my belief that *Pendleton, supra*, should not be applied retroactively. The prosecutor relied on *Russell v. Commonwealth*, Ky., 482 S.W.2d 584 (1972), at the trial on May 14, 15 and 16, 1984. Almost a year later, after the trial, *Pendleton* became final on March 21, 1985. The "lustful inclination" language of *Russell, supra*, was overruled. However, the remaining aspects of *Russell* as to common plan, pattern and motive and intent remain in tact. My examination of the evidence indicates that the defendant was making other improper sexual advances at the very time he was sexually abusing the victim. I believe the evidence demonstrates a common scheme, pattern and plan as contemplated by both *Russell* and *Pendleton*.

I would affirm the conviction.