Malcolm T. BROWN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 89–SC–177–MR.

Supreme Court of Kentucky.

July 3, 1991.

Brad Coffman, Ralph W. Beck, Coffman & Beck, Bowling Green, for appellant.

Frederic J. Cowan, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

Appellant was convicted by a Warren County jury of first degree rape and incest, both of which result from instances involving his daughter, then age ten. He received a life term of imprisonment for the rape conviction and a ten year term of imprisonment for the incest conviction, to run concurrently. Appellant appeals his conviction as a matter of right.

The appellant presents nine assignments of error, three of which we hold reversible error. The appellant's conviction is reversed and remanded for a new trial.

■ The first ground for reversal is based upon the introduction into evidence of appellant's prior felony conviction for purposes of impeachment. The Commonwealth revealed at a bench conference following appellant's direct testimony, its intention to introduce evidence of appellant's 1966 conviction for storehouse breaking. The Commonwealth argued that credibility was relevant to the case at bar, and that appellant had attacked the prosecutrix's honesty, thereby putting "acts of theft in issue." Defense counsel responded by objecting to the introduction of the prior felony conviction based on its remoteness and prejudicial effect. Appellant argued that the twenty-two year old conviction for which he received a probated sentence should be excluded because the prejudicial effect would far outweigh any probative value.

The record shows that the trial court considered all of the arguments put forth and ruled that evidence of the prior conviction was admissible. In *Commonwealth v. Richardson*, Ky., 674 S.W.2d 515, 518 (1984), we held that the trial court must consider the "nearness or remoteness of the prior conviction, or such other factors as the court may deem pertinent, when assessing whether such evidence would be unduly prejudicial." *Id.* Therefore, the current test for admissibility of prior felony convictions is the probative value of the

evidence versus its prejudicial effect. *Richardson, supra,* at 518.

Although we do not have any definite rules regarding the "age" of the conviction as applied to admissibility, we may however, look to the Federal Rules of Evidence for guidance. The Federal Rule regarding prior convictions includes a presumption against the admissibility of remote convictions, which are defined as more than ten years old. FRE 609.

This court has upheld the admissibility of a thirteen year old conviction, but we have also held a seventeen year old conviction inadmissible as too remote to bear on credibility. *Scruggs v. Commonwealth*, Ky., 566 S.W.2d 405 (1978), *cert. denied* 439 U.S. 928, 99 S.Ct. 314, 58 L.Ed.2d 321 (1978). *Hunter v. Commonwealth*, Ky., 560 S.W.2d 808 (1977). We disagree with the lower court's ruling and hold that it was reversible error to admit the twenty-two year old conviction as extremely prejudicial to the appellant.

The appellant further alleges error in reference to this issue because the appellant was permitted to testify as to the nature of the prior conviction in violation of *Richardson, supra,* at 518. "Identification of the prior offense, or offenses, before the jury, by *either the prosecution or defense,* is prohibited." *Id.* (emphasis added). We find reversible error at the threshold level of admissibility, hence, in the case at bar, the appellant's pendant argument becomes moot.

■ The second reversible error in this case is testimony regarding "Child Sexual Abuse Accommodation Syndrome." (hereinafter Syndrome) Ms. McCreary, the assigned social worker, testified as to the victim's behavior. During direct examination, the Commonwealth questioned Ms. McCreary whether the victim's behavior was "consistent with abuse." The defense counsel timely objected at the origin of the Commonwealth's questioning and presented a motion for a new trial. Defense counsel's continuing objection was overruled and the motion for a new trial was denied.

The Commonwealth argues that this testimony was proper because Ms. McCreary did not set out the five specific factors present in victims suffering from the Syndrome. *See Lantrip v. Commonwealth,* Ky., 713 S.W.2d 816, 817 (1986). Ms. McCreary's testimony was necessary, according to the Commonwealth, in order to explain the prosecutrix's various deviant behaviors.

This Court held in *Bussey v. Commonwealth,* Ky., 697 S.W.2d 139, 141 (1985), that the trial court erred in allowing evidence of the Syndrome into evidence because it was not established as a "generally accepted medical concept." In the cases following *Bussey,* this court has consistently held that the admission of evidence of the Syndrome or symptoms thereof is reversible error. See *Lantrip, supra,* at 817; *Hester v. Commonwealth,* Ky., 734 S.W.2d 457, 458 (1987). The testimony at issue is very similar to the testimony in *Hester,* wherein we reversed. *Supra,* at 457–58.

In the case at bar, as in *Hester,* the social worker testified as to the components of the Syndrome but did not label the theory. In accordance with our previous Opinions, we hold that the trial court erred in admitting Ms. McCreary's expert testimony regarding Child Sexual Abuse Accommodation Syndrome. Furthermore, in an effort to clear any inconsistencies, we overrule *Onwan v. Commonwealth,* Ct.App., 728 S.W.2d 536 (1987), to the extent that it conflicts with this Opinion.

■ The final basis for reversal in this case is the testimony of Dr. Georgia Tye, the emergency room physician who examined the victim. Dr. Tye conducted a rape examination following an interview with the victim. Defense counsel objected to Dr. Tye's testimony asserting that she was not a treating physician but was nevertheless basing her expert opinion on case history obtained from the victim. The trial court did not determine whether Dr. Tye was a treating physician.

The majority of Dr. Tye's testimony consisted of her physical findings. She focused on a healed cervical tear and certain abrasions discovered through her examination of the victim. The doctor diagrammed the cervical tear for the jury and noted that this type of injury is usually restricted to women who have given birth.

The doctor further testified as to the approximate age of the cervical tear based on the case history. Defense counsel renewed his objection to this testimony. The trial court overruled the objection and permitted Dr. Tye's testimony. Although she did not state specifically what caused the tear, she did testify that the injury would be more likely in a ten year old as opposed to a fourteen year old. The inference, of course, is that the injury is consistent with the offense charged: sexual abuse that occurred when the victim was ten years old.

Much of the focus seems to be on whether Dr. Tye acted as a "treating" or "testifying" physician. We will not determine that issue because the content of Dr. Tye's testimony amounted to reversible error regardless of the above classification.[1]

Dr. Tye's testimony must be evaluated in terms of its probative value versus its prejudicial effect. The doctor's testimony as to the age of the scar tissue based on the history amounts to opinion testimony as to the ultimate issue. Although Kentucky's rule on this point is not steadfast, there are instances where the testimony is inadmissible as embracing an ultimate fact. *See* R. Lawson, *Kentucky Evidence Law Handbook,* § 6.20, (2d ed. 1984 & Supp.1989). The prejudicial effect of the doctor's testimony was elevated further by the fact that the appellant was prevented by the rape shield law from proving otherwise. KRS 510.145. The trial court committed reversible error by allowing Dr. Tye to testify as to an ultimate fact.

**1.** In *Drumm v. Commonwealth,* Ky., 783 S.W.2d 380 (1990), this court joined the Federal Rules and demoted the importance of the distinction between treating and testifying physicians in the context of hearsay. *Id* at 384–85. See FRE 803(4). Statements by a patient are admissible so long as the physician (treating or testifying) relied on them in forming his opinion. *Drumm, supra,* at 384.

The remainder of appellant's arguments are without merit and will not be discussed. Appellant's conviction is reversed and remanded to Warren Circuit Court for further proceedings consistent with this Opinion.

COMBS, LAMBERT and LEIBSON, JJ., concur.

SPAIN, J., files a separate opinion, concurring in part and dissenting in part.

WINTERSHEIMER, J., files a dissenting opinion.

SPAIN, Justice, concurring in part and dissenting in part.

While I join with the majority in reversing for a new trial with regard to the admission for impeachment purposes of the twenty-two-year-old prior felony conviction and with regard to the admission of testimony regarding the "Child Sexual Abuse Accommodation Syndrome," I disagree with the holding that it was error to admit the testimony of Dr. Georgia Tye. I am of the opinion that, as a medical expert, Dr. Tye was properly permitted to testify regarding her physical examination of the victim and her opinion as to the age of scar tissue, based upon her expertise and the case history related by the patient at the time of the physical examination in the emergency room.

WINTERSHEIMER, Justice, dissenting.

I would respectfully dissent from that part of the majority opinion which reverses the conviction.

It would appear that the majority establishes a new rule by judicial mandate that any conviction more than 10 years old is inadmissible because of remoteness. I believe that such an automatic fixed rule is in contradiction to the philosophy expressed in *Commonwealth v. Richardson*, Ky., 674 S.W.2d 515 (1984). *Richardson, supra,* provided a balanced approach to the definition of remoteness when it noted that other pertinent factors in addition to time may be considered. The circumstances of each case should determine the application of prior convictions in regard to a remoteness consideration. The status of *Scruggs v. Commonwealth*, Ky., 566 S.W.2d 405 (1978) and *Hunter v. Commonwealth*, Ky., 560 S.W.2d 808 (1977) seem to be unclear. If the court wishes to establish a new definite time standard then such a rule should be promulgated in a prospective fashion.

The trial judge did not commit reversible error in admitting testimony of factors which would be consistent with abuse. In this case, Brown seeks to explain the behavior of the victim as that of a disturbed child or a born liar. There was no reversible error in permitting evidence to the contrary whether it was in anticipation or in response to such a theory. *Onwan v. Commonwealth, supra,* presents a common sense approach to this difficult subject.

The trial judge did not commit reversible error in permitting the medical witness to consider the case history relative to her medical findings. The doctor examined the prosecuting witness in the emergency room and noted a significant but old healed cervical tear. The expression of these facts involved medical testimony only and do not go to the ultimate issue which is always reserved to the jury.

I would affirm the conviction in all respects.