Everett JENKINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–CA–001268–MR.

Court of Appeals of Kentucky.

Dec. 19, 2008.

Bruce P. Hackett, Chief Appellate Defender, Office of the Louisville Metro Public Defender, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Susan Roncarti Lenz, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT, STUMBO, and THOMPSON, Judges.

1. To protect the identity of the minor children, they shall be referred to as Child 1 and

*OPINION*

STUMBO, Judge.

Everett Jenkins, hereinafter Appellant, appeals the final judgment and sentencing in which he received twelve years' imprisonment for the use of a minor in a sexual performance. Appellant argues that there was insufficient evidence to convict him of use of a minor in a sexual performance; that impermissible character evidence was admitted in violation of Kentucky Rules of Evidence (KRE) 404(b); that the trial court should have instructed the jury on attempt of use of a minor in a sexual performance; and that the trial court erred when it allowed two written victim impact statements to be presented to the court. We find that only one written victim impact statement should have been introduced to the court and that there was impermissible character evidence admitted. Therefore, we reverse the conviction and remand this case for a new trial.

Since this case involves sexual misconduct toward minors, we will not go into detail about the facts. Relevant facts will be set forth below as they pertain to the specific arguments presented. We will note that two children were involved in this case and that Appellant was indicted on charges of third-degree rape of Child 1,[1] incest, use of a minor in a sexual performance with Child 1, and use of a minor in a sexual performance with Child 2. At trial, the jury found Appellant guilty of use of a minor in a sexual performance in regard to Child 1, found him not guilty of use of a minor in a sexual performance in regard to Child 2, and was unable to reach a verdict on the rape and incest charges.

■ Appellant's first argument is that there was insufficient evidence to convict

Child 2.

him of use of a minor in a sexual performance and that a directed verdict should have been granted. Specifically, his argument revolves around the "sexual conduct" element of the crime. "A person is guilty of the use of a minor in a sexual performance if he employs, consents to, authorizes or induces a minor to engage in a sexual performance." Kentucky Revised Statutes (KRS) 531.310(1). " 'Sexual performance' means any performance or part thereof which includes sexual conduct by a minor[.]" KRS 531.300(6). KRS 531.300(4) defines "sexual conduct by a minor" as:

(a) Acts of masturbation, homosexuality, lesbianism, bestiality, sexual intercourse, or deviant sexual intercourse, actual or simulated;

(b) Physical contact with, or willful or intentional exhibition of the genitals;

(c) Flagellation or excretion for the purpose of sexual stimulation or gratification; or

(d) The exposure, in an obscene manner, of the unclothed or apparently unclothed human male or female genitals, pubic area or buttocks, or the female breast, whether or not subsequently obscured by a mark placed thereon, or otherwise altered, in any resulting motion picture, photograph or other visual representation, exclusive of exposure portrayed in matter of a private, family nature not intended for distribution outside the family. . . .

Appellant argues that none of the definitions for sexual conduct apply to him. The act which resulted in the charge of use of a minor in a sexual performance involved Appellant putting a dog toy down the underwear of Child 1 and Child 2, holding the children down, and watching the dog get the toy out. Both children testified that the dog toy would touch the child's "private parts" and that the dog's mouth would come in contact with the skin

around their "private area." The Commonwealth argued that the bestiality and physical contact with the genitals portions of KRS 531.300(4)(a) and (b) would be satisfied.

On motion for a directed verdict, the trial judge must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. *Commonwealth v. Benham*, 816 S.W.2d 186 (Ky. 1991). If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. *Id.* The standard for appellate review of a denial of a motion for a directed verdict based on insufficient evidence is if, under the evidence as a whole, it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal. *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky.1983).

*Williams v. Commonwealth*, 178 S.W.3d 491, 493–94 (Ky.2005).

Appellant notes that bestiality is not defined in the Kentucky Revised Statutes, but that it is defined in the Model Penal Code as "sexual intercourse with an animal." Model Penal Code § 213.0 (2001). There was no testimony introduced to establish sexual intercourse with the dog. Assuming, *arguendo*, that the dog toy incident was not bestiality, we find that KRS 531.300(4)(b) is applicable. There was testimony that both the dog toy and dog's mouth came in contact with the children's "private area." Appellant argues that there was no testimony that he touched the children's genitals.

Even though this is true, there was sufficient evidence presented that either the dog's mouth or the dog toy came in contact with the genitals. The commentary for KRS 510.010, the definition section for sexual offenses, states that sexual contact

"must be with either the victim or the actor but need not be contact between them." It further states that subjecting a person to sexual contact with an animal would be covered by the definition. We find that either the dog toy or dog's mouth touching the genitals of the child comports with KRS 531.300(4)(b) and hold that a directed verdict was not warranted.

■ Appellant's second argument concerns the admission of KRE 404(b) evidence. KRE 404(b) states:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

(1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

During the trial, witnesses testified about Appellant's possession of pornography and sex toys, trips to strip clubs, sexual comments toward the children, and inappropriate touching. The trial court permitted this evidence to be presented stating that it "is admissible insofar as it is being offered to show the Defendant's motive and/or intent as well as the absence of mistake or accident with regard to specific acts of sexual misconduct alleged in the above-styled Indictment." We find that the evidence about the inappropriate touching; i.e., the breast exams and skin tag exams, the sexual comments made to the children, as well as a single trip to the strip club, which resulted in a phone call to one of the children, and the placing of a sex toy in her room are relevant in establishing the intent and motive of Appellant.

However, we also hold that the testimony about the pornography and sex toys in the house, as well as the general trips to strip clubs and marijuana use, are impermissible and only were introduced to establish bad character and not the motives or intent of Appellant. We find that this evidence was used to show the "lustful inclination" of Appellant and not his motives or intent toward the children. *Lantrip v. Commonwealth*, 713 S.W.2d 816 (Ky.1986); *Pendleton v. Commonwealth*, 685 S.W.2d 549 (Ky.1985).

This evidence showed no sexual intent toward the children. The possession of pornography and sex toys is not illegal. Neither is going to strip clubs. While the marijuana use may be illegal, it does not establish sexual intent toward the children. Possessing these items does not show an intent to sexually abuse or even sexualize children.

In the case of *Lantrip, supra,* the defendant was convicted of two counts of rape of his adopted daughter. Evidence of sexual advances made upon two witnesses was held inadmissible because it was not similar to the conduct that defendant was charged with. The same can be said in this case. Possessing pornography, sex toys, and marijuana, as well as attending strip clubs are not sexual acts and are not similar in nature to use of a minor in a sexual performance, rape, or incest. "A defendant is entitled to be tried solely on the question of his guilt of the offense charged in the indictment." *Lantrip* at 817. For these reasons, we find that a new trial is necessary, one in which evidence regarding pornography, sex toys, trips to strip clubs (aside from the one which included a phone call to Child 2 and the placement of a sex toy in her room), and marijuana use is not admitted.

We would note that, in general, the marijuana use is not admissible. It would become admissible if the defense were to first open the door to it, as happened

during opening arguments during this trial. At that point, it would be within the discretion of the trial court to determine if further discussion of it is admissible.

Appellant next argues that the trial court should have instructed the jury on attempted use of a minor in a sexual performance. "[A]n instruction on a lesser included offense is required *only if,* considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that the defendant is guilty of the lesser offense." *Mack v. Commonwealth,* 136 S.W.3d 434, 436 (Ky.2004) (citing *Caudill v. Commonwealth,* 120 S.W.3d 635, 668 (Ky.2003)). In other words, "[a]n instruction on a lesser included offense is required if the evidence would permit the jury to rationally find the defendant not guilty of the primary offense, but guilty of the lesser offense." *Thomas v. Commonwealth,* 170 S.W.3d 343, 349 (Ky.2005).

Appellant argues that the jury could have found that physical contact with the child's vagina had not been proven beyond a reasonable doubt, either by him or the dog. We disagree. Appellant denied even participating in any of the alleged conduct that involved the dog. The only evidence presented involving the incident with the dog came from Child 1 and 2, and they both stated that the dog toy came in contact with their "private area" and that the

dog's mouth touched the skin around their "private area." Therefore, the only evidence presented regarding the dog toy incident showed that it either did not happen or that it was completed. No attempt instruction was necessary.

Finally, Appellant argues that the trial court erred when it allowed written victim impact statements from both children even though he was found not guilty in regards to the crime against Child 2. In *Terry v. Commonwealth,* 153 S.W.3d 794, 805 (Ky. 2005), the Kentucky Supreme Court held that according to KRS 532.055, only one victim is entitled to give victim impact evidence during the sentencing phase. However, since we are granting a new trial and as of July 15, 2008, KRS 532.055 has been amended to allow multiple victims to give impact evidence, this argument is moot.

For the above reasons, we reverse and remand this case for a new trial in which the impermissible KRE 404(b) character evidence is not admitted.

ALL CONCUR.