**Jack LEWIS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 6, 1955.

S. M. Ward, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Chief Justice.

Appellant, Jack Lewis, was convicted in the Perry Circuit Court for the crime of rape on a female over 12 years of age, an offense denounced by KRS 435.090. The punishment inflicted by the jury was confinement in the penitentiary for a period of ten years. Appellant has appealed, urging two grounds for reversal: (1) The verdict is not supported by the evidence, and (2) the court failed to instruct on the whole law of the case.

Wilma Whitaker, age 13, the victim of the assault, testified that she and her sister, Ollie Mae Whitaker, age 14, were walking along the road the night of October 31, 1953, when they were induced to enter a car with appellant and a companion, Wiley Mullins, upon the pretext that they would be taken to a square dance and then returned to their home by 9:00 o'clock that night. The girls were first driven to three beer joints where dancing was going on and at which stops were made, the men getting out at one place to stay a while. Then the men told the girls they were going to convey them home and they started in that

direction. When they were passing the house where the girls lived and it became apparent the driver was not going to stop, the girls begged to be let out, but instead of complying with their request they were taken by the two men to a wooded, uninhabited section up a "holler" and it was there the alleged crime was perpetrated.

The prosecutrix stated that appellant's companion, Mullins, first compelled the older girl to get in the rear seat and have sexual intercourse with him. Subsequently, appellant pushed the prosecutrix into the back seat of the car where, according to her, "He raped me. He made me." She said she screamed and resisted the whole time. Appellant told her "that didn't do no good" and proceeded to force her to submit to him.

The evidence of Ollie Mae Whitaker, sister of the prosecutrix, corroborated the testimony of her sister almost to the detail. Another witness who testified for the Commonwealth was appellant's ex-wife, Helen Lewis, who related a conversation with appellant in which he boasted of having consummated the illicit act. We quote this language from her testimony: "Well, it was the night after halloween he (appellant) come up to Hazard where I was staying, and he said 'I got me a cherry last night.' I said 'did you?' and he said 'yes, me and Wiley Mullins had two little girls out. One was twelve and one was fourteen.' He said 'Wiley had the one twelve and I had the one fourteen' and he said 'we raped them' and I said 'did you?' and he said 'yes' and I said 'if you did that you ought to be hung.' "

Appellant and his companion, Mullins, denied that either of them committed rape upon the body of the girls or that either of them was even guilty of disorderly conduct on the occasion. Their testimony was to the effect that, after picking up the girls on the road, they drove around for a while, visited several taverns where there was dancing, and then delivered the girls to their home unharmed.

. The crime was purported to have occurred on October 31, 1953, but it was not until the May term, 1954, of the Perry Circuit Court that the two girls went before the grand jury and caused appellant to be indicted. Their excuse for keeping the incident a secret, they explained, was fear of corporal punishment at the hands of their father. However, the secret leaked out and reached the ear of their father and he, after verifying what had happened to his daughters, brought them personally into court and instituted criminal proceedings against appellant. The physical examination of the prosecutrix by Doctor D. L. Upchurch, who testified as a defense witness, was not made until the date of the trial, which was September 13, 1954.

Counsel for appellant contends that the evidence of Doctor Upchurch shows that there was no penetration of Wilma Whitaker and that his evidence, taken in connection with the evidence as a whole, is not enough to indicate that the crime of rape had been committed. We cannot accept this assertion as the truth because the doctor did not so testify. He stated "that it would be impossible at this late date," namely, the date of the trial, to express an opinion as to whether any one had ever had illicit relations with the girl. The doctor's testimony may be summed up in his answer to the following question:

"Q. 29. Was there any appearance there, doctor, from the examination of this woman that anyone had ever had sexual intercourse with her, a man of normal size? A. That is a question I could not answer. You can tell if a woman has had intercourse if you see her within a few hours, or days, but this happened some seven or eight months ago."

This is a case in which the evidence is conflicting, and we believe it was proper to submit the case to the jury, and we have no hesitancy in saying that the evidence supports the verdict.

As to the second ground urged for reversal, error is claimed because the court instructed only upon the crime of rape and reasonable doubt. The contention is the

trial court should have instructed upon the lesser degrees of rape. With this we cannot agree. It will be remembered that appellant not only denied that he had perpetrated the offense of rape but that he was guilty of any unlawful act which would constitute any degree of that offense: In fact, he gave himself a perfect record as regards his conduct when he was with the girl.

This Court has consistently held that in a prosecution for rape, where the evidence for the Commonwealth establishes that rape was consummated and the testimony of the accused is to the effect that no assault of any kind was directed toward the prosecutrix, it is not necessary to instruct the jury upon the law pertaining to the degrees of the offense. An instruction on the crime of rape and reasonable doubt was sufficient under the evidence presented. Penman v. Commonwealth, 141 Ky. 660, 133 S.W. 540; Dalrymple v. Commonwealth, 215 Ky. 25, 284 S.W. 104.

Wherefore, no error appearing in the record, the judgment is affirmed.