**UNITED STATES of America,
Appellee,**

**v.**

**John Steven MAYES, Appellant.**

**No. 23135.**

United States Court of Appeals
Ninth Circuit.

Oct. 9, 1969.

Robert N. Harris, Jr., Los Angeles, Cal., (argued), Barry Tarlow, Alfred V. Contarino, Beverly Hills, Cal., for appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and FERGUSON, District Judge *.

PER CURIAM:

John Steven Mayes pleaded guilty to the offense of failing to register, when he reëntered the United States from Mexico

---

\* The Honorable Warren J. Ferguson, United States District Judge for the Central

District of California, sitting by designation.

as a returning narcotic drug addict, such failure being in violation of 18 U.S.C. § 1407. He pleaded not guilty to charges of conspiracy to smuggle heroin, and smuggling heroin, in violation of 21 U.S.C. § 174. Mayes was tried to the court without a jury on the latter charges and was found guilty. On April 5, 1967, a judgment of conviction was entered on the three charges, and sentences of five years each were imposed on the conspiracy to smuggle, and smuggling, charges, and one year on the failure to register charge, all to run concurrently. Mayes appeals from the convictions on all three charges.

Mayes was arrested at the border between 2:30 and 3:00 p. m. on September 21, 1966. He was booked at the county jail sometime after 8:35 p. m. that day, and was brought before a United States Commissioner the next morning. In the interim, Mayes was searched at the border office and at a hospital, and was interrogated at length. During this interval, and after receiving a partial Miranda-type warning and while admittedly under the influence of narcotics, Mayes confessed that his lady companion at the time of entering the United States had brought in heroin. The part-time Commissioner was available in his office in the same building where the interrogation was conducted until 6 p. m. on the day of the arrest.

■ The delay in bringing Mayes before a Commissioner following his arrest was unreasonable under Rule 5(a), Federal Rules of Criminal Procedure. See Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); Morales v. United States, 344 F.2d 846 (9th Cir. 1965); Ginoza v. United States, 279 F.2d 616 (9th Cir. 1960). The Government argues that the time between the arrest and 6 p. m. on that day was taken up in ascertaining defendant's right to be admitted into the country, and that a Commissioner was not available after 6 p. m. But Mayes is a citizen of the United States and no question was raised at the border as to this. He had an absolute right to en-

ter. Insofar as Mayes was concerned, as distinguished from his companion, this time interval was devoted exclusively to determining whether he smuggled, or conspired to smuggle, heroin into the United States, and whether he had violated 18 U.S.C. § 1407.

We therefore hold that testimony concerning defendant's confession should not have been received in evidence and defendant's motion to suppress the evidence discovered as a result of his confession, should have been granted.

■ While defendant pleaded guilty to the section 1407 charge, he now contends that the statute is unconstitutional under the Fifth Amendment. Constitutional questions are not to be reached if there are other grounds for disposing of an appeal. We therefore conclude that the Rule 5(a) violation affects the section 1407 charge as well as the section 174 charge.

Reversed and remanded for further proceedings consistent with this opinion.