**William Franklin HENDRON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1972.

Rehearing Denied Dec. 15, 1972.

Richard E. Vimont, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., John C. Ryan, Special Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

William Franklin Hendron and John Carl Sutton were jointly tried in the Fayette Circuit Court and convicted of the rape of Susan Marie Nolte. The jury's verdict of guilty fixed their punishment at twenty years' imprisonment. Judgment was entered in accordance with the verdict. Hendron appeals; we affirm the judgment.

Hendron and Sutton, sheet-metal workers by trade, were employed in and around Lexington and worked together on different jobs. Immediately after work on November 9, 1970, with Sutton driving Hendron's Volkswagen, they went to Holiday Trailer Park to purchase a windshield; from there they went to a liquor store and got some beer. They then went riding around looking for a former owner of the Volkswagen in order to obtain the title paper. They never found him.

While riding around near the University of Kentucky, they saw Susan Nolte walking down a street. They circled the area and stopped when they approached her again. They testified that after some conversation she voluntarily got into the car to go for a ride; however, she testified that Hendron got out of the car and that he, with the assistance of Sutton, forced her to get into the car and lie down where the back seat should have been.

Susan said that after she got into the car they rode around Lexington a bit, then on a highway like the New Circle Road, and from there out of town in a direction that she was unable to identify. They made her remove her clothing by telling her she would get hurt if she refused. They went out a county road for a short distance where they stopped and made her leave the car and go into a field. Hendron attempted to have intercourse with her but could not. He called Sutton over and while Hendron stood by and watched, Sutton had intercourse with her; then Hendron made a second attempt and succeeded

in having intercourse with her. They then made her put her clothes on and took her back to Lexington, letting her out of the car on a street corner near the dormitory.

Hendron and Sutton stated that after Susan got into the car they made three stops in Fayette County, two to purchase beer and one to put air in a tire. As to two of these stops, there were witnesses who testified that they saw Hendron and Susan "making love" in the back seat of the car. They then drove out various roads to the field.

Hendron admits his attempt to have intercourse with Susan, Sutton's attempt, and his final successful act of intercourse. Both men testified that their acts were with her consent; however, she testified that they were against her will.

Upon her return to the dormitory, Susan reported the rape. She was examined by Dr. Geraldine Spurlin at the Medical Center that night. The doctor found scattered scratch marks on her back, two areas of scratch marks on the front of each leg, and a tear in the posterior foreshaft in or about her vagina. The doctor testified that this indicated a forceful entry.

Hendron alleges four grounds for reversal: (1) The court erred in denying motion for directed verdict of acquittal on the ground that venue was not properly established; (2) the verdict of the jury was not supported by sufficient evidence; (3) the court erred in allowing evidence to be introduced concerning the prior record of Hendron; and (4) the court refused to instruct the jury on the whole law of the case.

We will discuss each of these grounds in the order given.

Hendron and Sutton both testified that the scene of the crime was in Jessamine County in that they had passed a county-line sign one and one-half to two miles before they turned onto the road leading past the field where they parked. However, they admitted that they were not familiar with the area and could not pinpoint the exact location of the field. Susan, being a newcomer to Kentucky, could not testify with certainty concerning the location of the field. She was unsure of whether she was raped in Fayette or Jessamine County.

■ Although KRS 452.510 fixes the venue of a criminal prosecution in the county where the offense is committed, KRS 452.620 provides that when there is a reasonable doubt as to whether the offense was committed in the county where the indictment is returned or in some other county, the venue of the prosecution is in the county in which the indictment is returned. We have held that KRS 452.620 does not apply unless there is some evidence to support a finding either way. We have stated the rule to be that slight evidence will be sufficient to sustain the venue and slight circumstances, from which the jury might infer the place where the crime was committed, are held to be sufficient. Hardin v. Commonwealth, Ky., 437 S.W.2d 931 (1968). Where the evidence is such as to create doubt as to the county in which the offense was committed, the question should be submitted to the jury. Lunce v. Commonwealth, 289 Ky. 706, 160 S.W.2d 3 (1942).

It is not denied that Susan got into Hendron's car in Lexington, whether through force or on her own volition; that they rode around Lexington and Fayette County; that she was unable to definitely state in which county the crime was committed; that although Hendron and Sutton testified that the crime took place in Jessamine County, they admitted that they really didn't know where they were; and that after the crime Susan was driven back to Lexington and let out of the car near her dormitory on the University of Kentucky campus.

■ The question of venue was properly submitted to the jury. Upon a review of the record, we find that there was ample evidence to justify submission to the jury; consequently, Hendron was not entitled to

a directed verdict. Moore v. Commonwealth, Ky., 446 S.W.2d 271 (1969).

■ Susan testified that Hendron forced her to submit to sexual intercourse by threats of physical injury. Hendron admitted that he had intercourse with her but said it was with her consent. There was medical evidence indicating that the sexual intercourse had been effected with force. The question of consent was one for the jury. Her version of the crime tends to support her claim that she was raped by Hendron. We find no merit in his claim that the verdict of the jury was flagrantly against the evidence. Coots v. Commonwealth, Ky., 418 S.W.2d 752 (1967).

■ Hendron's reputation for truthfulness, peace, and good order was placed in issue by a witness who testified that his reputation in the neighborhood was good. Upon cross-examination the Commonwealth questioned this witness about her knowledge of three prior arrests of Hendron, some of which took place while he was a juvenile. Counsel for Hendron objected to these questions but failed to move that the court admonish the jury as to the limited purpose of this line of inquiry. When Hendron introduced evidence of his good reputation, it became proper to ask the witness on cross-examination whether she had heard reports of prior particular acts of misconduct by Hendron. Therefore, he cannot now be heard to complain of what happened when he "opened the door." Broyles v. Commonwealth, Ky., 267 S.W.2d 73 (1954).

■ Hendron's complaint that the trial court did not instruct the jury on the whole law of the case is not well taken. He contends that there should have been instructions on attempting to have carnal knowledge of a woman with her consent, detaining a woman against her will with the intent to have carnal knowledge of her, and attempted rape. Here the act of sexual intercourse was an accomplished fact, admitted by Hendron. There was absolutely no evidence of an attempt but rather that of a completed act. This being true, Hendron was not entitled to any of the instructions as outlined, and it was not error on the part of the court in refusing to give them. Lewis v. Commonwealth, Ky., 279 S.W.2d 15 (1955); Sanders v. Commonwealth, Ky., 269 S.W.2d 208 (1954).

The judgment is affirmed.

All concur.