Albert Dewayne CHAPMAN, Appellant,

v.

Honorable James RICHARDSON, Judge, 21st Judicial District, Appellee.

No. 87–SC–575–MR.

Supreme Court of Kentucky.

Nov. 25, 1987.

Phaedra Spradlin, Hays and Hays, Winchester, for appellant.

David L. Armstrong, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, Edward A. Marye, Mt. Sterling, for appellee.

STEPHENSON, Justice.

Albert Dewayne Chapman was tried before a jury on a charge of assault in the first degree. The first trial ended when a mistrial was declared by the trial court for the reason that the jury could not agree on a verdict. On retrial, the trial court declared a mistrial. Chapman applied to the Court of Appeals for a writ of prohibition to prevent another trial on the charge asserting jeopardy. The Court of Appeals denied the writ of prohibition. We affirm.

At the second trial and during the course of cross-examining the prosecuting witness, the lawyer for Chapman asked: "Now, Mr. Prewitt, as I understand it, you have some pending possession of marijuana charges, is that correct?"

After an objection was sustained, a lengthy conference was held outside the presence of the jury. As a result of the conference, the trial court declared a mistrial.

According to the record, the charge against Prewitt of possessing marijuana occurred after the first trial and before the second trial. Chapman does not contest the assertion that Prewitt, the complaining witness, testified the same before the grand jury, the preliminary hearing, the first trial, and the second trial.

Chapman argues that the evidence of the pending drug charge is admissible to show that the witness may possess a motive to lie in order to curry favor from the prosecution, citing *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Williams v. Commonwealth*, Ky., 569 S.W. 2d 139 (1978); and *Zachery v. Commonwealth*, Ky., 580 S.W.2d 220 (1979).

We understand that ordinarily it is proper to show that a Commonwealth's witness is in a vulnerable status such as on probation or that criminal charges are pending so that the jury may make an informed judgment on the weight to be placed on the testimony of the witness.

Chapman does not explain to us how this logical, rational theory applies where the witness has testified to the same facts in a former trial before the criminal charges arise.

It is apparent that the question on the charge of possession of marijuana posed by Chapman's lawyer was a deliberate at-

**930**

tempt to unfairly prejudice the jury against the prosecution. The only other explanation is that Chapman's lawyer is absolutely unable to distinguish factual situations.

KRS 505.030 provides in part:

When a prosecution is for a violation of the same statutory provision and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:

.    .    .    .    .

(4) The former prosecution was improperly terminated after the first witness was sworn but before findings were rendered by a trier of fact. Termination under either of the following circumstances is not improper:

.    .    .    .    .

(b) The trial court, in exercise of its discretion, finds that the termination is manifestly necessary.

After the conference, the trial court granted a mistrial, stating the following reasons to the jury:

Due to the feeling in the country and in this county as to the harmful effects of drugs or marijuana, I believe that error has been committed by the defense attorney when she asked the question that the Commonwealth objected to. I believe that it would be almost impossible for that not in some way to taint your minds or at least lodge a feeling in your minds. "Well, what are we trying here?" "What kind of people are these?" These occurrences, if they did occur, occurred after the judicial inquiry that's been held before this and therefore the court grants the Commonwealth's motion for a mistrial.

In a situation such as this, the statute recognizes the trial court must be able to exercise discretion in determining "manifestly necessary."

The trial court is on the scene observing the witnesses and the jury and is aware of the mores of the community. We are of the opinion Chapman has not shown an abuse of discretion in the circumstances of this case.

We do not consider Chapman's argument that an admonition would have been sufficient as he did not suggest this less severe remedy to the trial court.

The order of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, LAMBERT, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs in result only.