John Lee SAVAGE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 95–SC–386–MR.

Supreme Court of Kentucky.

Oct. 24, 1996.

As Amended Jan. 22, 1997.

As Modified on Denial of Rehearing March 27, 1997.

J. David Neihaus, Deputy Appellate Defender, Frank W. Heft, Jr., Louisville, KY, for Appellant.

A. B. Chandler, III, Attorney General, Dina Abby Jones, Criminal Appellate Division, Office of Attorney General, Frankfort, KY, for Appellee.

GRAVES, Justice.

Appellant was convicted of Robbery in the First Degree and for being a Persistent Felony Offender in the First Degree. He was sentenced to twenty years imprisonment. Appellant appeals to this Court as a matter of right. He alleges error in the admission of his post-arrest statement because he was

taken to the robbery squad office rather than being taken before a judicial officer and in the failure to disqualify the entire office of the Commonwealth Attorney from this prosecution because his initial public defender accepted subsequent employment as an assistant prosecutor.

On August 23, 1994, a police detective swore to a criminal complaint charging the Appellant, John Savage, with the August 19, 1994, robbery of a convenience store at gun point. In addition, the complaint noted that the Appellant had been positively identified on August 20, 1994, and requested that the robbery squad be contacted when the Appellant was located. Appellant allegedly had entered a convenience store, held a gun in the face of a cashier, took the money from the open cash register, and then fired the gun into the air as he fled the store. Three witnesses identified him as the robber.

A warrant was issued fixing bond at $50,-000 full cash and commanding the Appellant be brought forthwith [1] before the judge. Additionally, a yellow post-it note with handwritten instructions to "contact any city police robbery detective for interview before booking" was affixed to the original warrant contained in the record. After arrest on August 30, 1994, and pursuant to these added directions, appellant was taken to the robbery squad office and questioned by detectives. Prior to interrogation, the appellant was properly warned as required by Miranda [2] and only thereafter did the appellant freely and voluntarily choose to give the incriminating statement rather than remain silent. Appellant twice waived these rights, once by signing a written waiver and once at the beginning of the taped statement. The taped statement also contained appellant's confession to the robbery and a denial that he used a firearm in the commission of the robbery. Thereafter, appellant was taken to the jail. The record indicates appellant spent approximately two (2) hours in the robbery squad office before being taken to jail or before a judicial officer. There is no allegation of improper police conduct during the questioning, only that RCr 3.02 was not observed.

The Appellant was never able to post bail and was represented by the public defender.

 This case revisits the troublesome issue of questioning an accused after an arrest pursuant to a warrant but before the accused is taken before a judicial officer. RCr 3.02 provides that upon the arrest of an individual on a warrant issued upon a complaint, the officer making the arrest must take the arrested person before a judge as commanded in the warrant without unnecessary delay. Evidence obtained directly or indirectly during an illegal detention is inadmissible. Exclusion exacts a great cost on societal interests by the proscription in many cases of concededly relevant and reliable evidence. The lack of a prompt appearance before a judicial officer is only one fact in an overall determination whether to suppress the evidence. In *Little v. Commonwealth,* Ky., 438 S.W.2d 527 (1969) we held that a

---

1. Kentucky Criminal Rule 3.02 requires the arrested person be taken before the judge without unnecessary delay but not forthwith.

2. YOUR RIGHTS
 PLACE: LPD HDQTS
 DATE: 08/30/94
 TIME: 0642
 Before we ask you any questions, you must understand your rights.
 1. You have the right to remain silent.
 2. Anything you say can and will be used against you in a Court of Law.
 3. You have the right to talk to a Lawyer prior to any questioning or the making of any statements, and to have him present with you while you are being questioned.
 4. If you cannot afford to hire a lawyer, one will be appointed by the Court to represent

you before any questioning, if you desire one.
 5. You may stop the questioning or making of any statements at any time by refusing to answer further or by requesting to consult with an attorney prior to continuing with questioning or the making of any statements.
 WAIVER OF RIGHTS
 I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.
 Signed: s/John Savage
 Witness: s/Det. Mark Handy
 Witness: s/Off. Hidullel
 Time: 0645 Hrs.

defendant cannot allege prejudice where no evidence is offered or presented to the jury as a result of a failure to comply with RCr 3.02(2). Here the appellant has not shown that the delay was unnecessary and that any prejudice resulted to his fundamental rights from the delay.

The Kentucky Rules of Criminal Procedure were adopted in 1963 and provide a substantive framework under which the constitutional rights of an accused are protected. These procedural rules are designed to insure fair treatment from the time of arrest. RCr 3.02 addresses the defendant's right not to incriminate himself and his right to have or waive counsel. On June 13, 1966, the United States Supreme Court decided *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), a case which controls the admissibility of statements obtained during custodial interrogation. The Miranda decision stands for the principle that before a person in custody may be questioned, he must be given prescribed warnings of his right to remain silent, the effects of not remaining silent, and the right to have the assistance of counsel before questioning begins. Here, the appellant signed a waiver of rights prior to interrogation. In *Deutscher v. State*, 95 Nev. 669, 601 P.2d 407 (1979), the court held that when an arrested person voluntarily waives his right to silence and his right to counsel, he implicitly and concurrently waives his right to be seasonably taken before a judicial officer. This is because the primary purpose of being taken before a judicial officer is to inform the appellant of his rights.

Appellant asserts that the post-arrest statement should be suppressed as the result of an illegal detention because the police did not obey the procedural language of the warrant and instead took the Appellant to the robbery squad interview office. Consequently, Appellant argues, any evidence secured from procedurally deficient behavior is inadmissible. In rather circuitous reasoning, the Appellant even contends that the police committed the crime of unlawful imprisonment.

We disagree with the allegation that the trial court's admission of appellant's post-arrest statement was error requiring reversal of the conviction. In *Crayton v. Commonwealth*, Ky., 846 S.W.2d 684 (1992), we held that not every violation of the constitution required suppression. Giving the Appellant his Miranda warning satisfied the required constitutional protection and covered many of the protections envisioned by the Kentucky Rule of Criminal Procedure 3.02. The Appellant was lawfully arrested and held in custody. While the arresting officer failed to comply with the literal mandates of RCr 3.02, there was neither coercion or duress in obtaining the post-arrest statement. There was not a flagrant disregard for the rule. In *Smith v. Commonwealth*, Ky., 920 S.W.2d 514 (1996), we stated that unnecessary delay should not invalidate any confession or statements made during the post-arrest period unless coercive tactics were used.

No state or federal court has precisely defined what constitutes unnecessary delay under the applicable rules of criminal procedure. In an extensive annotation in 28 ALR 4th 1121, the cases indicate that, although the time factor is a key element in whether a delay in unnecessary, it is also important for a court to consider how the time was used. See *United States v. Johnson*, 467 F.2d 630, 636 (2d Cir.1972) *cert. denied*, 413 U.S. 920, 93 S.Ct. 3069, 37 L.Ed.2d 1042 (1973). Courts have held that delays as short as 17 hours and 7½ hours were unreasonable. *United States v. Mayes*, 417 F.2d 771 (9th Cir.1969); *United States v. Binet*, 335 F.Supp. 1000 (D.C.N.Y.1971). Where the delay has been substantially longer, courts have been willing to find the delay not excessive only where it was not unreasonable under the circumstances or where any evidence obtained from the defendant was not related to the delay. See, e.g., *United States v. Davis*, 532 F.2d 22 (7th Cir.1976). Thus, where arraignment was delayed, for example because of travel, because no judge was available, or because the police wanted to verify an explanation given by the defendant, or where a defendant's statement was made soon after his arrest so that it was not prompted by the ensuing delay, federal courts have found the delay to be justified.

In *Reeves v. Commonwealth*, 462 S.W.2d 926 (1971), cert. den. 404 U.S. 836, 92 S.Ct.

**328**

124, 30 L.Ed.2d 69 we affirmed an appellant's conviction for manslaughter and rejected the argument that a confession was presumptively inadmissible and should have been suppressed because he was held incommunicado for more than four days and was not promptly taken before a magistrate. The court said that there was no showing that the delay in presenting the defendant before a magistrate was a device to extract a statement from him or that it had any such effect. The court explained that the failure to present an accused forthwith before a magistrate does not, standing alone, invalidate the confession obtained in the interim.

In *Carson v. Commonwealth*, Ky., 382 S.W.2d 85 (1964), cert. den. 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825, we affirmed the defendant's conviction. We held that a confession is not, as a matter of due process, inadmissible merely because of undue delay prior to the making of the confession, on the part of the police in taking the accused before a committing magistrate. Such delay is only one of the factors to be considered in determining whether a confession, permitted to be introduced and relied upon at a state trial, has been obtained under such circumstances that its use violates due process.

In *Commonwealth v. Mayhew*, 297 Ky. 172, 178 S.W.2d 928 (1943), we held the admissibility of a confession is not affected by a delay in taking the arrested person before the judge where such delay is shown to be reasonable and necessary under the circumstances. In *Mayhew*, the appellant had been arrested on a Saturday night and was not promptly arraigned as provided by law due to the unavailability of a magistrate on a Saturday or Sunday.

The appellant argues passionately both in his brief and at oral argument that RCr 3.02 commands a period of silence until the arrestee is taken before a judicial officer. Appellant asserts that RCr 3.02, which predates the requirement of Miranda warnings, renders the Miranda requirement superfluous for Kentucky. We disagree.

■ The term "without unnecessary delay" contains meaningful words of art. Implicit in this rule is the concept that the courts will countenance reasonable delays.

Conversely, there are cogent practical realities for some necessary delay, one being routine police procedure and administration. Unnecessary delay, in and of itself, does not render a confession inadmissible unless the delay bears relation to the accused's making the confession.

Notwithstanding the intervention of the judicial system by the issuance of a warrant, law enforcement officers have administrative duties and continuing investigative tasks in preparing a case for the judicial system. When law enforcement officers "book" an arrestee, they photograph, fingerprint, and compare statistical information for parole violation and other warrants. This requires some time and hence necessary delay.

■ Reason and common sense allow for some necessary delay before a defendant is taken before a judicial officer. The Miranda warning and the Rules of Criminal Procedure protect the defendant's constitutional rights. Since appellant was twice given Miranda warnings prior to his post-arrest and pre-jail interview, and moreover, since he was taken before a judicial officer within a couple of hours, we find no constitutional violations. A delay of a few hours is not presumptively illegal. Depending on the circumstances, a delay in the arrested person's appearance before a judicial officer may be justifiable, particularly where the delay is not for an unreasonable length of time. We have found no case where a delay of less than six hours is so unreasonable or unjustified as to require suppression of the confession.

To require law enforcement to take an arrestee forthwith before a judge is not consistent with the orderly operation of our courts. Scheduling an appearance before a judge requires some necessary delay. In most Kentucky counties, arraignments are not done on a "stop and go" basis. Even though the jailer is a judicial officer, the appellant argues that the arrestee should be taken before the judge notwithstanding the fact that the judge has a docket and the arrestee is not yet on that docket. It is feasible to take the arrested person before the judge promptly but not immediately.

■ Appellant's second allegation of error concerns whether the entire office of the Commonwealth Attorney should have been disqualified from this prosecution. The question of disqualification arose when Cynthia Crick left the Jefferson County Public Defender's Office for employment with the office of the Commonwealth Attorney directing appellant's prosecution. Crick had been appointed counsel for appellant on November 18, 1994, and continued as counsel of record until shortly before she moved to the office of Commonwealth Attorney on March 1, 1995. Appellant maintains that the entire office of the Commonwealth Attorney should have been disqualified due to a conflict of interest. SCR 3.130–1.09, 1.10. We do not agree.

Pursuant to our holding in *Whitaker v. Commonwealth*, Ky., 895 S.W.2d 953 (1995), the trial court held a hearing to determine "the depth to which the attorney/client relationship was established." *Whitaker, supra* at 956. The trial court ruled that Crick's representation of appellant was "perfunctory" and that she did not have any communication with the individual attorney prosecuting the action. These findings do not require the disqualification of the entire office of the Commonwealth Attorney. See *Whitaker, supra*. We will not disturb the trial court's finding unless it is clearly erroneous and we do not so find. The trial court's ruling on this issue is affirmed.

Appellant's conviction is therefore affirmed.

BAKER, LAMBERT and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., files a separate opinion concurring in result only in which STUMBO, J., and JAMES LEVIN, Special Justice, join.

KING, J., not sitting.

STEPHENS, Chief Justice, concurring in result only.

I reluctantly concur with the result of this case. Contrary to the majority's opinion, I believe the Louisville Police Department's "unwritten policy" of questioning a person arrested pursuant to a warrant before the accused has been either taken to jail or taken before a judge is in direct conflict with RCr 3.02(1). RCr 3.02(1) specifically states that "[a]n officer making an arrest under a warrant issued upon a complaint *shall* take the arrested person without unnecessary delay before a judge as commanded in the warrant." (emphasis added). This rule ensures that once an individual is arrested pursuant to a warrant, they will be promptly returned to the custody of the court where they may exercise their right to bail. KY.CONST. § 16. Because RCr 3.02(1) only requires that law enforcement officers return the accused to the custody of the courts prior to questioning, it does not interfere with their general ability to question an accused. Basically, RCr 3.02(1) only removes a police officer's discretion as to when to question an accused.

In the case sub judice, appellant was arrested pursuant to a warrant which directed the arresting officer to "bring him [appellant] forthwith before the Judge." The warrant further contained a yellow post-it note attached to it with handwritten instructions to "contact any city police robbery detective for interview before booking." Consequently, after arresting appellant, instead of following the mandates of RCr 3.02(1) and the warrant, the arresting officers followed the directions of the post-it note and first took appellant to the robbery squad office.

In our majority opinion this Court held that "[t]he lack of a prompt appearance before a judicial officer is only one fact in an overall determination whether to suppress evidence." Citing *Little v. Commonwealth*, Ky., 438 S.W.2d 527 (1969), we maintained that appellant cannot allege prejudice when he has failed to show that the delay was unnecessary and that the delay caused any prejudice to his fundamental rights. We go on to state that "because there was neither coercion or duress in obtaining the post-arrest statement", there was no violation of the spirit of RCr 3.02.

I disagree, as RCr 3.02(1) was clearly violated. The policy of the Louisville Police Department violates, presumably knowingly, the clear language of RCr 3.02(1). If they do not make a criminal procedure rule of this Court, they should ask this Court to change it, not knowingly deviate from it themselves.

While the conviction in this case should be affirmed, future convictions that are obtained under similar circumstances should be considered by this Court to have been obtained in bad faith, thus setting the stage for a reversal of the conviction. Ultimately, we should be wary of issuing opinions which, in effect, give the police the discretionary power to do what they will with a defendant in a warrant case. If we fail to enforce the clear language of RCr 3.02(1), we risk opening up a Pandora's box by giving the police the right to deviate from the dictates of our criminal rules and run afoul of § 2 of the Kentucky Constitution which protects against the governmental exercise of arbitrary and absolute power.

Our opinion also addresses the issue of "unnecessary delay." The majority cites *Smith v. Commonwealth*, Ky., 920 S.W.2d 514 (1996), as supporting the idea that unnecessary delay should not invalidate any confession or statements made during the post-arrest period unless coercive tactics were used. While it is true that *Smith* did address unnecessary delay, that was not the main issue decided in that case and, thus, should only be considered as dicta. Furthermore, unnecessary delay is really not the appropriate issue in this case. The real issue is whether the police, after they apprehended appellant subject to the arrest warrant, had the discretionary power to determine whether they would follow the dictates of the warrant, or alter it and take appellant to their own arena to interrogate him before delivering him to a judicial officer. According to RCr 3.02(1), they did not. Thus, their procedure violates RCr 3.02(1) and, being the standard practice of the Louisville Police Department despite the language of the rule, it is a "flagrant disregard for the rule" and should warrant a reversal in future cases.

JAMES LEVIN, Special Justice, and STUMBO, J., join in this opinion.