**Darryl Keith BELT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Nos. 1997–CA–002418–MR, 1998–CA–000686–MR.

Court of Appeals of Kentucky.

Jan. 8, 1999.

Case Ordered Published by Supreme Court Oct. 13, 1999.

Discretionary Review Denied by Supreme Court Oct. 13, 1999.

Darryl Keith Belt, Wheelwright, pro se Appellant in 1998-CA-000686-MR.

Bruce P. Hackett, Daniel T. Goyette, Public Defenders, Louisville, for Appellant in 1997-CA-002418-MR.

A.B. Chandler, III, Attorney General, Perry T. Ryan, Assistant Attorney General, Frankfort, for Appellee.

Before: EMBERTON, GARDNER, and MILLER, Judges.

*OPINION*

MILLER, Judge:

Darryl Keith Belt (Belt) brings Appeal No.1997–CA–002418–MR from a September 11, 1997 judgment of the Jefferson Circuit Court, and *pro se* Appeal No.1998–CA–000686–MR from a March 3, 1998 order of the Jefferson Circuit Court. We reverse and remand for a new trial in Appeal No.1997–CA–0002418–MR and affirm in Appeal No.1998–CA–000686–MR.

*Appeal No.1997–CA–002418–MR*

The facts are these: On June 25, 1996, Belt was indicted on charges of first-degree sodomy (Kentucky Revised Statutes) (KRS 510.070), kidnapping (KRS 509.040), second-degree assault (KRS 508.020), first-degree wanton endangerment (KRS 508.060), terroristic threatening (KRS 508.080), and fourth-degree assault (KRS 508.040). His girlfriend, A.G., was the victim of all listed offenses. Belt was tried before a jury on June 24 and 25, 1997, and convicted of the lesser-included offense of first-degree unlawful imprisonment (KRS 509.020), fourth-degree assault, and terroristic threatening. Judgment was entered on September 11, 1997, wherein Belt received a total sentence of five years' imprisonment. This appeal followed.

■ Belt asserts several points of error. We begin by addressing his most compelling argument—that the trial court committed reversible error when it permitted the Commonwealth to introduce certain damaging hearsay evidence. At trial, the court allowed into evidence a tape recording of Belt being interviewed by a police detective wherein the detective read the "narrative" from a uniform citation. The narrative, essentially an affidavit from A.G., embodied many of the same incriminating facts testified to by A.G. at trial. Belt advances the theory that the introduction of such evidence was highly prejudicial as it impermissibly bolstered the victim's testimony. In addition, he asserts that such evidence had no probative value since A.G. had already testified. In support thereof, Belt directs us to *Smith v.*

*Commonwealth,* Ky., 920 S.W.2d 514 (1996).

In *Smith,* a police detective was permitted to testify about statements made to him by the victim of a sexual abuse. The victim had already testified about the same facts at the trial. The Kentucky Supreme Court held that the detective's testimony was not within the limited scope of hearsay admissible under Kentucky Rule of Evidence (KRE) 801A(a)(2) as a prior consistent statement. The Court opined that the testimony was highly prejudicial as it served only to bolster the victim's credibility. It further explained that such testimony lacked probative value because the victim had already testified effectively. We believe *Smith* to be dispositive of the case *sub judice.* As in *Smith,* the testimony in question served only to bolster A.G.'s testimony and had no probative value because she [A.G.] had already testified. Hence, the admission of same constituted reversible error entitling Belt to a new trial.

■ Belt also challenges the admissibility of certain testimony by Dr. Bill Smock, the physician who treated A.G. at the emergency room. At trial, Dr. Smock read into evidence the extensive medical history given to him by A.G. at the hospital emergency room soon after the assault. Many of the details included in the medical history were identical to those testified to by A.G. at trial. Belt claims that such prior consistent statements were inadmissible as they served only to bolster A.G.'s statement. We disagree. Such testimony was admissible under the well-recognized exception to the hearsay rule for statements made for the purposes of medical treatment or diagnosis. KRE 803(4). KRE states in relevant part as follows:

> The following are not excluded by the hearsay rules, even though the declarant is available as a witness:
>
> · · ·
>
> (4) Statements for purposes of medical treatment or diagnosis. Statements made for purposes of medical treat-

ment or diagnosis and describing medical history, or past or present symptoms, pain, or sensations, or *the inception or general character of the cause or external source thereof insofar as reasonably pertinent to treatment or diagnosis.* [Emphasis added.]

Having reviewed the medical record in question, we believe that most of what is contained therein pertains to the "inception or general character of the cause" of A.G.'s injuries. As to any details not pertaining specifically thereto, we believe the introduction of same was harmless error. Ky. R.Crim. P. (RCr) 9.24.

■ Belt next complains that the trial court erred when it denied his motion for a mistrial after an emotional outburst by A.G. in the presence of the jury. While A.G. was being cross-examined, she called Belt a "bitch." The trial court ordered a short recess and A.G. began yelling at Belt while the jurors exited the courtroom. The trial court held that no harm was caused by A.G.'s eruption and denied Belt's motion for a mistrial. Nevertheless, the trial court admonished the jury that such statements by A.G. were not to be considered as evidence.

■ Belt maintains that because of the trial court's refusal to discharge the jury after A.G.'s outburst, he was "denied a fair trial and due process of law under Sections 2,7,11 and 13 of the Kentucky Constitution and Amendments 5 and 14 to the United States Constitution." We disagree. It is well established that the decision to grant a mistrial is within the trial judge's discretion, and his ruling will not be disturbed absent the showing of an abuse of that discretion. *Chapman v. Richardson*, Ky., 740 S.W.2d 929 (1987), and *Jones v. Commonwealth*, Ky., 662 S.W.2d 483 (1983). We are of the opinion that any harm caused by A.G's outburst was effectively remedied by the court's admonition. Thus, we perceive no abuse of discretion in the trial court's refusal to grant a mistrial.

■ Last, Belt charges that the trial court erred when it permitted the prosecutor to read from a certain uniform citation during the sentencing phase of the trial. The uniform citation related to Belt's prior conviction for trespass wherein A.G. was the victim. A statement made by A.G. was included describing how Belt "hit her in the back of the head and twisted her arm." Belt argues that this statement had no relevance to the trespass conviction and was, thus, inadmissible. Although we may not have ruled as the trial court did, we will not reverse on this issue. We believe the holding in *Mabe v. Commonwealth*, Ky., 884 S.W.2d 668 (1994), to be sufficiently broad to allow such statements during the "truth-in-sentencing" phase of a trial.

Based on the foregoing, the judgment of the Jefferson Circuit Court in Appeal No.1997–CA–002418–MR is reversed and this cause is remanded for a new trial.

*Appeal No.1998–CA–000686–MR*

In light of our opinion set forth above, this appeal may prove moot. Nevertheless, we shall address same.

The facts enunciated in Appeal No.1997–CA–1430–MR are incorporated herein. The following additional facts are relevant to this appeal: On December 18, 1997, Belt filed a motion "to have credit for all presentence confinement time reflected in final judgment." By order dated January 7, 1998, the trial court increased the jail time credit from 120 days to 124 days. On February 25, 1998, Belt filed a second motion "to have credit for all presentence confinement time reflected in judgment." In this latter motion he raised essentially the same arguments contained in his December motion. The trial judge denied same on March 3, 1998. This appeal followed.

■ Belt maintains that he is entitled to custody credit for time he was simultaneously awaiting trial in the instant case and serving out a sentence on a misdemeanor conviction. The period was from May 9, 1996, through May 7, 1997. The

Commonwealth makes a cogent argument that Belt is precluded from raising this issue under the doctrines of "case of the law" and *res judicata*. Nevertheless, we will decide this case on its merits.

We have reviewed the applicable law and the calculations performed by the Department of Corrections and conclude that Belt properly received custody credit of 124 days. KRS 532.120. He was not entitled to credit for the period set forth above because the time spent in custody during that period was related to a separate conviction. *See Houston v. Commonwealth*, Ky.App., 641 S.W.2d 42 (1982). Hence, the trial court committed no error by denying Belt's motion for additional custody credit.

For the foregoing reasons, the order of the Jefferson Circuit Court in Appeal No.1998–CA–000686–MR is affirmed.

ALL CONCUR.