

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CLAYTON CHILDERS, | ) | No. ED112692 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable W. Christopher McDonough |
| NOAH WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | Filed: October 22, 2024 |

## Introduction

Clayton Childers ("Childers") appeals the judgment entered in favor of Noah Williams ("Williams") following a jury verdict on Childers' claims arising out of a vehicular collision between the parties. In his sole point on appeal, Childers contends the trial court erred in admitting evidence of his involvement in a motor vehicle race and placing a bet on the race because the race occurred on a highway two roads before the point of impact. This Court holds the admission of any evidence Childers was in a race prior to and unconnected to the collision was inflammatory and prejudicial, warranting a new trial.

Accordingly, we reverse the judgment of the trial court.

## Factual and Procedural Background

Childers, Williams, and a witness ("Witness") worked together at Firestone. On May 15, 2020, the individuals left work. Childers drove a motorcycle, while Williams and Witness each

drove their respective cars. While driving, Childers and Witness made a bet with one another and engaged in a race on Highway 364. After the race concluded, the three individuals exited Highway 364 onto Bryan Road. After stopping at a stoplight, they continued on Bryan Road and then traveled a short distance to South Outer 364 Road toward a gas station to pay off the bet. The parties were traveling between 30-35 miles per hour when Williams' car collided with the rear-end of Childers' motorcycle as the two attempted to turn into the entrance of the gas station. The impact threw Childers from his motorcycle, resulting in injuries.

Childers brought a lawsuit against Williams to recover damages from the collision. Prior to the trial, Childers filed a motion in limine seeking to exclude any evidence alluding to his engagement in the race. The trial court heard arguments on the motion. At the hearing, the trial court explained the evidence was likely inadmissible if used to show "[Childers] was speeding or racing five minutes before the accident[,]" but the evidence would more likely be admissible if Childers' speed or reckless driving was connected to the accident. The trial court, however, did not rule on this issue and decided to "take it with the case."

Throughout the trial, the trial court sustained numerous objections at Williams' attempts to admit evidence of the race and the bet. However, during counsel's direct examination of Williams, the trial court allowed Williams to testify that Childers engaged in a race prior to the collision. After a two-day trial, the jury reached a verdict assigning no fault to Williams.

This appeal follows.

**Standard of Review**

This Court reviews the trial court's decision to admit or exclude evidence for an abuse of discretion. *Ball v. Allied Physicians Grp., L.L.C.*, 548 S.W.3d 373, 384 (Mo. App. E.D. 2018). "A trial court has broad discretion in determining the admission of evidence." *Brock v. Shaikh*, 689

S.W.3d 792, 795 (Mo. App. E.D. 2024). The trial court "abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice, and indicate a lack of careful consideration." *Id.* (internal quotations and citation omitted). "For evidentiary error to cause reversal, prejudice must be demonstrated." *Denney v. Syberg's Westport, Inc.*, 665 S.W.3d 348, 357 (Mo. App. E.D. 2023) (citation omitted).

**Discussion**

In his sole point on appeal, Childers asserts the trial court erred in admitting evidence of the race and the bet he placed on the race because the evidence was irrelevant, highly prejudicial, and inflammatory as the race occurred on a highway two roads before the point of impact. This Court finds any evidence of Childers engaging in a race prior to and unconnected to the collision should not have been admitted.[1]

To be admissible, evidence must be both logically and legally relevant. *Hurley v. Burton*, 626 S.W.3d 810, 825 (Mo. App. E.D. 2021). "Evidence is logically relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* (citation omitted). On the other hand, "[d]etermining legal relevance requires the trial court to balance the probative value of the proffered evidence against its prejudicial effect on the jury." *Koon v. Walden*, 539 S.W.3d 752, 761 (Mo. App. E.D. 2017). To be legally relevant, evidence of a driver's speed prior to a collision "must be 'connected' with the collision in such a way that the conduct of the driver may be said to be continuous." *Stapleton v. Griewe*, 602 S.W.2d 810, 814 (Mo. App. W.D. 1980). Accordingly, "[t]he only relevant evidence of speed is the speed immediately before the collision." *Mott v.*

---

[1] This Court is reversing solely on the grounds that any evidence of Childers engaging in a race prior to the collision should not have been admitted. This Court finds the mention of the bet lacks the requisite prejudicial effect on the jury to warrant reversal of this matter. Thus, this opinion does not analyze the reference made relating to the bet.

*Missouri Pac. R.R. Co.*, 926 S.W.2d 81, 85 (Mo. App. W.D. 1996) (internal quotations and citation omitted).

The central issue in this matter concerns Williams' testimony that Childers engaged in a race with Witness prior to the collision. Specifically, the following colloquy took place:

> Q: How close were [Witness] and Clayton Childers with you as you left Firestone?
> A: When we got onto the highway they were close by but then they *raced*. (emphasis added)
> Plaintiff's Counsel: Objection, [y]our Honor. We've been through this before. It's irrelevant and prejudicial.
> The Court: *Overruled*. (emphasis added)
> Q: (By [defense counsel]): You saw them racing?
> A: Yes
> Q: Could you keep up?
> A: No

Although Childers objected, he did not request the testimonial evidence relating to the race be stricken from the record or request a curative instruction. There is no dispute the race was unrelated to the collision as it took place on a separate road and concluded before the collision occurred. Accordingly, the evidence that Childers engaged in a race was not relevant as it was an isolated event unconnected to the collision. *See Stapleton*, 602 S.W.2d at 814. Moreover, even if Childers had requested the testimony be stricken or requested an instruction, the proverbial bell had been rung and the prejudicial damage was done. This Court holds the evidence alluding to the race should not have been admitted because it was not relevant and "was so inflammatory and prejudicial that a new trial" is warranted. *Wehrkamp v. Watkins Motor Lines*, 436 S.W.2d 698, 709–11 (Mo. 1969) (granting a new trial because the testimony that a defendant engaged in a race thirty minutes before the fatal car collision at issue was inflammatory and prejudicial *despite the trial court striking the evidence from the record and instructing the jury to disregard all the*

4

*evidence concerning the race*) (emphasis added). Accordingly, we reverse the judgment of the trial court.

Childers' sole point on appeal is granted.

## Conclusion

The judgment of the trial court is reversed and remanded for a new trial.

 

 

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
Robert M. Clayton III, J. concur.